# FILED

May 29 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

DA 11-0695

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 119

IN THE MATTER OF THE CECILIA
KINCAID GIFT TRUST FOR GEORGE

APPEAL FROM:   District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDP 10-205
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Greg A. Luinstra; Luinstra & Young, P.L.L.C., Great Falls, Montana
Stuart F. Lewin; Lewin Law Office, Great Falls, Montana
(Attorneys for Gloria LaMott and Glenn Kincaid, Jr.)

For Appellee:

Kirk D. Evenson; Marra, Sexe, Evenson & Bell, Great Falls, Montana
(Attorney for Jennifer Fazio)

Submitted on Briefs:  April 5, 2012

Decided:  May 29, 2012

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Gloria LaMott and Glenn Kincaid, Jr., appeal from the District Court's September 6, 2011 order concerning the distribution of the proceeds of the Cecilia Kincaid Gift Trust for George. We reverse.

¶2     The issue on appeal is whether the District Court properly concluded that Jennifer Fazio is entitled to a distribution from the Trust as a descendant of George Kincaid under the Gift Trust document.

## PROCEDURAL AND FACTUAL BACKGROUND

¶3     In December, 1976, Cecilia Kincaid Bates, grantor, and Co-Trustees George W. Kincaid and Richard E. Peterson entered into a trust agreement establishing the Cecilia Kincaid Gift Trust for George. George was Cecilia's son. The Trust was an irrevocable intervivos trust and George was the sole beneficiary of the Trust during his lifetime. George passed away on October 15, 2009, intestate. By the terms of the Trust, George's death was the triggering event for appointment of a new co-trustee, for termination of the Trust, and for distribution of the remaining assets. The current Co-Trustees of the Trust are Gloria LaMott and Glenn Kincaid, Jr.

¶4     On November 3, 2010 the Co-Trustees filed a Final Account, Petition for Settlement, Distribution, and Termination of the Cecilia Kincaid Gift Trust for George. On December 1, 2010 Jennifer Fazio, formerly known as Stacey Jean Kincaid, objected to the Trustees' petition, which proposed that she receive no distribution from the Trust. Jennifer is the natural child of George Kincaid. She was born after the Trust was

2

established and was given up for adoption when she was a small child. The District Court considered the briefs of the parties and determined that Jennifer was properly entitled to distribution of the Trust proceeds.

¶5 The issue in this case is whether Jennifer is the rightful beneficiary of the Cecilia Kincaid Gift Trust for George. Article IV, § 3 of the Trust provides that upon George's death any remaining funds in the Trust are to be distributed to George's "living descendants." The Trust defines "descendants":

> As used herein, the term "descendent" or "descendents" shall mean lawful blood descendants in the first, second or any other degree of the designated ancestor; provided, however, that an adopted child and the lawful blood descendants of any such adopted child shall for all purposes be regarded as the lawful blood descendants of the adopting parent or parents and of anyone who is by blood an ancestor of the adopting parent or of either of the adopting parents, and such adopted child and any said descendant of such adopted child shall not be regarded as the descendants of either natural parent of such adopted child.

Kincaid Trust for George, Article XIII, § 3.

¶6 The District Court determined that Jennifer, as a "lawful blood descendant" of George Kincaid, should be included in the Trust distribution. The Trustees appeal.

## STANDARD OF REVIEW

¶7 The interpretation of a trust agreement is a question of law that this Court reviews for correctness. *In re: Marjorie Q. Ward Revocable Trust*, 2011 MT 308, ¶ 10, 363 Mont. 72, 265 P.3d 1260; *In re: The Charles M. Bair Family Trust*, 2008 MT 144, ¶ 32, 343 Mont. 138, 183 P.3d 61. This Court construes the words of a trust instrument in their ordinary grammatical sense, absent evidence of a clear intent otherwise. *Bair Family Trust*, ¶ 32. The plain language of the trust instrument is controlling. *Ward*, ¶ 21.

3

## DISCUSSION

¶8     The resolution of this case depends upon whether Jennifer Fazio is George's "descendant" as that term is defined in the Trust instrument. If so, she has a claim to the remaining proceeds of the Trust. The District Court construed Art. XIII, § 3 of the Trust to define George's descendants as "lawful blood descendants," which clearly includes Jennifer. The District Court further construed the "adopted child" language to describe only children who were adopted into the family by George. The Trustees contend, however, that the adopted child language makes no distinction between children adopted into or out of the family. The Trustees contend that under the plain language of the Trust any adopted child is deemed to be a descendant of the child's adopting parent, and not a descendant of the child's natural parent. The Trustees contend that for the purposes of the Trust, Jennifer is deemed to be a child of her adoptive parents and is not a "descendant" of George.

¶9     The language of the Trust instrument is not ambiguous. We conclude that the plain language of Art. XIII, § 3 makes no distinction between children adopted into the family and children adopted out of the family. The plain language describes any adopted child, and an adopted child is deemed to be the descendant of its adoptive parents for purposes of this Trust. The Trust can only be construed to include Jennifer as a descendant of George by adding language making a distinction between children adopted into the family and those adopted out of the family. This language is not in the Trust instrument and may not be added, nor may the language be re-written. *Mary J. Baker*

4

*Revocable Trust v. Cenex Harvest States, Coops. Inc.*, 2007 MT 159, ¶ 30, 338 Mont. 41, 164 P.3d 851.

¶10    A court may not properly add language when interpreting a trust instrument, § 1-4-101, MCA, but must apply the plain language. *Bair Family Trust*, ¶¶ 40, 53; *Ward*, ¶ 21. The plain language of the Trust provides that any adopted child is to be deemed a descendant of the child's adoptive parents.  Jennifer is not a descendant of George under the Trust because she was adopted and is therefore deemed to be "regarded as the lawful blood descendant[ ] of the adopting parent or parents."

¶11    The decision of the District court is therefore reversed and this matter is remanded for further proceedings consistent with this opinion.


/S/ MIKE McGRATH


We concur:

/S/ BETH BAKER
/S/ PATRICIA COTTER
/S/ MICHAEL E WHEAT
/S/ JIM RICE




Justice James C. Nelson, dissenting.

¶12    Respectfully, I dissent from the Court's Opinion.  While the Court concludes that the Trust instrument is not ambiguous, Opinion, ¶ 9, I conclude that it is.  Accordingly, I would vacate the District Court's decision and remand for further proceedings.

¶13    As the Court notes at ¶ 5 of the Opinion, Article IV, Section 3 of the Trust states that upon George's death, any remaining funds in the Trust are to be distributed to George's "then living descendants." Article XIII, Section 3, in turn, defines the term "descendant" as follows:

> As used herein, the term "descendant" or "descendants" shall mean lawful blood descendants in the first, second or any other degree of the designated ancestor; provided, however, that an adopted child and the lawful blood descendants of any such adopted child shall for all purposes be regarded as the lawful blood descendants of the adopting parent or parents and of anyone who is by blood an ancestor of the adopting parent or of either of the adopting parents, and such adopted child and any said descendant of such adopted child shall not be regarded as the descendants of either natural parent of such adopted child.

¶14    An ambiguity exists when the language of an instrument is reasonably susceptible to more than one interpretation. *Ophus v. Fritz*, 2000 MT 251, ¶ 23, 301 Mont. 447, 11 P.3d 1192; *Mary J. Baker Revocable Trust v. Cenex Harvest States, Coops., Inc.*, 2007 MT 159, ¶ 19, 338 Mont. 41, 164 P.3d 851.  Here, the term "adopted child" is reasonably susceptible to three different interpretations.  "Adopted child" could reasonably mean a child that was adopted *into* the family; it could reasonably mean a child that was adopted *out of* the family; or it could reasonably mean both.  The ambiguity arises from the fact that it is not clear what Cecilia, the Grantor, intended in her use of the phrase "adopted child."[1]

¶15    The relevant language of Article XIII, Section 3 of the Trust states that an adopted child shall be regarded as the lawful blood descendant of the adopting parent/parents, and

---

[1] As an aside, the language "for all purposes"—to which the Trustees attach great significance—is irrelevant.  It refers to all purposes in the Trust where "descendant" is used.  It has no bearing on the meaning of "adopted child."

such adopted child shall not be regarded as the descendant of his/her natural parents. This language could reasonably be interpreted to mean that if one of George's children is adopted *out of* the family, he/she is no longer a "descendant" of George. On the other hand, it is equally reasonable that in her choice of language, the Grantor did not contemplate excluding from the estate her blood descendants who happened to be adopted *out of* the family. Indeed, it is reasonable to believe—and in my view is more likely—that the Grantor contemplated that George might adopt a child into the family, rather than give up his natural child for adoption.

¶16 Reading the Trust instrument as a whole, it is clear that the Grantor intended to provide financially for her four children by way of a separate trust for each. That being her purpose, it also would have been her contemplation, desire, and intent, as a grandmother, to insure that George's natural and adopted children, if any, received his share of the residue of her estate.

¶17 Importantly, for our purposes here, the phrase "adopted child" as used in defining "descendant" is susceptible to more than one reasonable interpretation and is, therefore, ambiguous. Since the language used by the Grantor is ambiguous, extrinsic evidence may be introduced at trial to allow the trier of fact to determine the Grantor's intent. *See Baker Revocable Trust*, ¶ 55.

¶18 I conclude that the District Court should have required a full evidentiary hearing admitting extrinsic evidence to clear up the aforementioned ambiguity and the Grantor's intent. Accordingly, we should vacate the District Court's decision and remand for that purpose.

¶19    I respectfully dissent from the Court's contrary decision.


/S/ JAMES C. NELSON


Justice Brian Morris joins the Dissent of Justice James C. Nelson.


/S/ BRIAN MORRIS